Collyer v. Pennsylvania R. R. Co.

CATHARINE COLLYER, ADMINISTRATRIX OF GEORGE COLLYER, DECEASED, v. THE PENNSYLVANIA RAILROAD COMPANY.

1. A master is bound to take reasonable care and precaution to guard his servants against danger. If he fails to exercise reasonable skill in furnishing machinery or buildings for the use of his servants while in his service, he is responsible for the consequent damage.

2 He cannot claim immunity on the ground that he has exercised due care in selecting mechanics of competent skill in the construction of such machinery and buildings, but assumes the burthen of seeing that such mechanics actually exercise reasonable care and skill in the execution of their work

3. There can be no recovery by the servant against the master for injury caused by the careless handling of machinery by a fellow servant.

4. If the party injured was lawfully in the building where the injury was received, in the course of his employment, he was a fellow servant with those whose negligence produced the injury.

5. If he was there as a trespasser or by sufferance, no duty with respect to him rested on the master, except to refrain from acts willfully injurious; he assumed all the ordinary risks incident to the character of the place and is without remedy.

On rule to show cause.

Argued at June Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *James Flemming.*

For the defendants, *Vredenburgh & Garretson.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This action is instituted by the administratrix of George Collyer, deceased, to recover damages for injury inflicted upon the decedent in his lifetime by the alleged negligence of the defendant. The death of the decedent was not produced by the injury.   Our statute has saved the right of action to his personal representative.   Collyer was in the

employ of the defendant company and was injured by the falling of a sliding door in the company's store-house at the foot of Laight street, in the city of New York.

The plaintiff insists that the injury resulted from the negligent and unskillful manner in which the door was constructed, and from the careless manner in which the door was handled at the time of the accident.

A master is bound to take reasonable care and precaution to guard his servants against danger. If he fails to exercise reasonable skill in furnishing machinery or buildings for the use of his servants while in his service, he is responsible for the consequent damage.

He cannot claim immunity upon the ground that he has exercised due care in selecting mechanics of competent skill in the construction of such machinery and buildings, but assumes the burthen of seeing that such mechanics actually exercise reasonable care and skill in the execution of their work. The evidence shows that this door was constructed with ordinary skill, and that the injury was caused by the careless and negligent manner in which the door was opened by the men who had charge of it.

The evidence also is that the company exercised due care in the selection of these servants.

If Collyer, at the time of the injury, was lawfully in the vicinity of the building in the course of his employment, he was a fellow servant with the men whose negligence inflicted the injury upon him, and he therefore cannot recover.

If he was there as a trespasser or by sufferance, no duty with respect to him rested upon the company, except to refrain from acts willfully injurious ; he assumed all the ordinary risk incident to the character of the place, and is without remedy. *Vanderbeck* v. *Hendry,* 5 *Vroom* 467.

The verdict should be set aside, and a new trial granted.